IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WINSTON LUO, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiff,* | § § | Civil No. _____ |
| v. | § § | JURY |
| ALDER HOLDINGS, LLC | § § | COLLECTIVE ACTION |
| *Defendant.* | § § | COMPLAINT |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Winston Luo ("Mr. Luo" or "Plaintiff") files this Complaint against Alder Holdings, LLC ("Alder" or "Defendant") seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and under Texas breach of contract law.

## NATURE OF ACTION

1. Mr. Luo, a former sales representative for Defendant, brings this lawsuit to recover unpaid minimum and overtime wages and other damages under the FLSA and for breach of contract.

2. Defendant is a limited liability company that sells home security, home automation, and alert systems, and conducts business in all fifty states of the United States.

3. Defendant's sales representatives were instructed to report to work at an Alder office. They were then driven to targeted neighborhoods with which they had no familiarity, stranded by an Alder driver, and then required to sell Alder products door to door until an Alder employee picked them up and returned them to the Alder office. End to end, these days regularly

lasted longer than 12 hours per day. Alder required its sales representatives to work six days per week.

4. Defendant employed Mr. Luo and other non-exempt sales representatives to sell Alder products door-to-door but failed to properly compensate them in accordance with minimum wage requirements and for overtime hours worked at the legally required rate in violation of the FLSA. 29 U.S.C. §§ 206, 207. Furthermore, Mr. Luo was not an exempt commissioned employee pursuant to 29 U.S.C. § 207(i).

5. Mr. Luo and the other sales representatives regularly worked over forty (40) hours in each workweek. Specifically, Mr. Luo and the other sales representatives were typically scheduled shifts lasting longer than 12 hours. Mr. Luo and the other sales representatives were paid no wage whatsoever, and only received commission for products sold for Alder. Mr. Luo and the other sales representatives also never received overtime for hours worked in excess of forty (40) in a single workweek.

**PARTIES**

6. Plaintiff Winston Luo is an individual residing in California.

7. Mr. Luo worked for Defendant as a sales representative in the State of Texas within the three (3) years preceding the filing of this lawsuit.

8. Mr. Luo and many other sales representatives worked out of Defendant's warehouse facility in Katy, Texas and were driven by Defendant to targeted areas unfamiliar to those sales representatives within the Greater Houston area to sell Defendant's products door-to-door. Defendant treated sales representatives in each of its market areas where it has a local branch the same as Mr. Luo. Alder has operations in Alabama, Alaska, Arizona, Arkansas, California,

Florida, Georgia, Idaho, Kentucky, Louisiana, Michigan, Mississippi, New Mexico, New York, North Carolina, Oklahoma, Tennessee, and Texas.

9. During their work for Defendant, Mr. Luo and other sales representatives were scheduled to work an average of six days per week for over 12 hours per day, for a total of nearly and sometime in excess of 300 hours per month. Defendant did not pay Mr. Luo overtime compensation at any time during the three years preceding the filing of this lawsuit.

10. Mr. Luo brings a collective action to recover unpaid wages owed to him and all other similarly situated employees, current and former, of Defendant, who worked as sales representatives at any time during the three-year period before this Complaint was filed up to the present. These class members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

11. Defendant, Alder Holdings, LLC is a foreign limited liability company with its principal place of business at 450 N. 1500 W. Orem, UT 84057. Defendant does business throughout the United States, including Texas. Defendant conducts substantial portions of its business in Texas. Defendant can be served with process by serving its Texas registered agent, Corporation Service Company, d/b/a CSC-Lawyers, at 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 216(b).

13. Under 28 U.S.C. § 1391(b) venue is proper in the Southern District of Texas because a substantial part of the events giving rise to the claim occurred in this District.

14. Mr. Luo performed work for Defendant in this District.

## COVERAGE FACTS

15. At all relevant times, Defendant acted, directly or indirectly, in the interest of an employer with respect to Mr. Luo and the Class Members.

16. At all relevant times, Mr. Luo and the Class Members constituted individual employees employed by an employer as the term "employee" is defined under the FLSA. 29 U.S.C. § 203.

## FACTUAL ALLEGATIONS RELATING TO MINIMUM WAGE AND OVERTIME VIOLATIONS

17. Defendant has continuously conducted business in this judicial district over the last three (3) years and since it began failing to pay sales representatives minimum wage and overtime pay for those who worked in Texas for hours worked in excess of forty (40) per week.

18. Defendant is a company that sells home security, home automation, and medical alert systems throughout the United States, including Texas, and employs sales representatives to sell its products.

19. The Class Members are individuals who worked for Defendant as sales representatives, performing the same or substantially similar job duties as Mr. Luo.

20. Mr. Luo and the Class Members were subjected to the same or similar illegal pay practices for similar work.

21. Defendant agreed to pay commission to sales representatives based on the number of products they sold in addition to an upfront bonus for signing the employment contract and backend bonus at the conclusion of the contract, but paid them no wages whatsoever, in violation of the FLSA.

22. Furthermore, sales representatives were required to regularly spend between 12 to 20 hours per week on tasks unrelated to making sales, including waiting in between scheduled driver pick up and drop offs, traveling between Defendant's facilities and targeted neighborhoods, waiting for the installation of recently sold products, and attending mandatory meetings before or after shifts.

23. The time spent waiting and performing the above tasks was for the sole benefit of Defendant and Mr. Luo and the Class Members did not have any ability to use the time for their own benefit during these wait times and remained on call for Defendant.

24. Defendant paid Mr. Luo only based on the number of completed sales regardless of the number of hours that he worked in each workweek and failed to compensate him at the required minimum wage and one and one-half times his regular hourly rate of pay for all hours worked in excess of forty hours.

25. As a sales representative, Mr. Luo's primary job duties included traveling to and from target areas, soliciting sales going door-to-door, providing customer support for new customers, and waiting to perform these tasks at Defendant's direction.

26. Pursuant to Defendant's national and class-wide policy, Mr. Luo and the Class Members were not compensated for time worked, including travel time to and from Defendant's facilities to target sales areas, post-sale administration, and post-sale customer support. Mr. Luo and the Class Members were also not compensated for time traveled between sales locations.

27. Defendant typically required Mr. Luo to work in excess of 12 hour shifts.

28. Mr. Luo regularly worked in excess of forty (40) hours each work week while employed by Defendant.

29. Defendant has failed to pay Mr. Luo his commission bonuses as owed to him under his contract with Defendant. Upon information and belief, Defendant failed to pay every Class Member the full amounts of commission owed to them.

## COLLECTIVE ACTION ALLEGATIONS

30. Mr. Luo and all the Class Members were not paid minimum wage and were not paid overtime compensation when they worked in excess of 40 hours per week. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Class Members. Mr. Luo's claims are therefore typical of the claims of the Class Members.

31. Mr. Luo will fairly and adequately represent and protect the interests of the class members because there is no conflict between the claims of Mr. Luo and those of the Class Members. Mr. Luo's counsel is competent and experienced in litigating employment collective actions and other complex litigation matters, including wage and hour cases similar to this case.

32. There are questions of law and fact common to the proposed class, which predominate over any questions affecting only individual members, including, without limitation:

   a. whether Defendant has violated and continue to violate statutory and common law requirements through its policies or practices of not paying the Class Members at one and one-half times their regular hourly rates of pay for hours worked in excess of forty hours in each workweek;

   b. the proper measure of damages sustained by the Class Members; and

   c. whether Defendants should be enjoined for such violations in the future.

33. Defendant acted or refused to act on grounds generally applicable to the Class Members. Final injunctive and/or declaratory relief is appropriate to the Class Members as a whole.

34. Mr. Luo's claims are typical of the claims of the class in the following ways, without limitation: (a) Mr. Luo is a member of the class; (b) Mr. Luo's claims are based on the same policies, practices and course of conduct that form the basis of the claims of the class; (c) Mr. Luo's claims are based on the same legal and remedial theories as those of the class and involve similar factual circumstances; (d) there are no conflicts between the interests of Mr. Luo and the Class Members; and (e) the injuries suffered by Mr. Luo are similar to the injuries suffered by the Class Members.

## VIOLATIONS OF THE FLSA

35. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Mr. Luo for work performed in the employ of the Defendant. 29 U.S.C. § 206.

36. Mr. Luo has suffered damages as a direct result of Defendant's unlawful actions, including Defendant's failure to pay Mr. Luo wages and overtime.

37. Defendant failed to keep adequate records of Mr. Luo's and the Class Members' work hours and pay in violation of 29 U.S.C. § 211(c).

38. Federal law mandates that an employer keep for three years all payroll records and other records containing, among other things, the following information:

    a. the time of day and day of week on which the employees' work week begins;

    b. the regular hourly rate of pay for any workweek in which overtime compensation is due under the FLSA;

    c. an explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d. the amount and nature of each payment which is excluded from the "regular

      rate";

   e. the hours worked each workday and total hours worked each workweek;

   f. the total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;

   g. the total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded;

   h. the total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

   i. the dates, amounts, and nature of the items which make up the total additions and deductions;

   j. the total wages paid each pay period; and

   k. the date of payment and the pay period covered by payment.

29 C.F.R. § 516.2, 516.5.

    39.    Defendant has failed to pay Mr. Luo and Class Members a "regular rate" of pay that exceeds one and one-half times to minimum wage for every hour worked in a workweek in which overtime hours are worked.

    40.    Defendant has not complied with federal law and has failed to maintain such records with respect to Mr. Luo and the Class Members. Because Defendant's records are inaccurate or inadequate, Mr. Luo and the Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were not compensated, and produce sufficient evidence to show the amount and extent of the work as a matter of just and reasonable inference.

41. Defendant is liable to Mr. Luo for wages, unpaid overtime compensation, liquidated damages, attorneys' fees & expenses under the FLSA, for the three-year period preceding the filing of this lawsuit. 29 U.S.C. § 216.

## BREACH OF CONTRACT

42. All preceding paragraphs are incorporated herein for all purposes.

43. Mr. Luo fully performed his duties under the Parties' agreement.

44. Defendant materially breached the contract by failing to timely pay commissions owed under the terms of the parties' employment agreement.

45. Defendant's breach caused injury to Mr. Luo, which resulted in damages equal to unpaid commission, plus interest, court costs, and attorney's fees.

## JURY DEMAND

46. Mr. Luo requests a trial by jury.

## PRAYER

47. For these reasons, Mr. Luo, on an individual basis and on a representative basis on behalf of the Class Members, respectfully requests that judgment be entered in their favor and against Defendant, awarding Mr. Luo, on an individual basis and on a representative basis on behalf of the Class Members the following relief:

   a. for Judgment awarding Mr. Luo and the Class Members all unpaid minimum wage and overtime compensation, and an amount equal to twice their unpaid wages as liquidated damages;

   b. for Judgment awarding all costs and attorneys' fees incurred prosecuting this claim as allowed by 29 U.S.C. § 216 (b);

   c. for Judgment awarding Mr. Luo and the Class Member's damages for breach of contract, together with interest, expenses, and attorneys' fees incurred prosecuting this claim as allowed by Texas law; and

  d.  any other and further relief to which Mr. Luo and the Class Members may be entitled.

            Respectfully submitted,

            */s/ Benjamin W. Allen*
            Benjamin W. Allen
            State Bar No. 24069288
            Wallace & Allen, LLP
            440 Louisiana, Suite 1500
            Houston, Texas 77002
            Telephone: (713) 224-1744
            Facsimile: (713) 227-0104
            ballen@wallaceallen.com

            **COUNSEL FOR PLAINTIFF**